**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ADAM LOWRY, M.D.,**

*Plaintiff*,

v. Case No. 6:26-cv-00919

**THE NEMOURS FOUNDATION**,
A Florida Not-for-Profit Corporation d/b/a
**NEMOURS CHILDREN'S HOSPITAL, FLORIDA**

*Defendant.*
_______________________________________________/

**NEMOURS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, THE NEMOURS FOUNDATION ("Nemours") by and through the undersigned counsel, hereby files its Reply Brief in support of its Motion to Dismiss the First Amended Complaint filed in this matter by Plaintiff, Adam Lowry, M.D. ("Dr. Lowry").

**MEMORANDUM OF LAW**

In his Response in Opposition to Nemours' Motion to Dismiss (Doc. 27), Dr. Lowry argues that his claims for unjust enrichment (Count VII) and quantum meruit (Count VIII) are not barred because, in moving to dismiss his claim for breach of contract (Count I), Nemours argued that there is no written contract covering the subject matter of Dr. Lowry's claims (e.g., "backup" or "standby" work). *See* Response at p. 4. This argument mischaracterizes

Nemours' position as it relates to Dr. Lowry's claims. While Nemours does not concede that a written contract exists that explicitly covers or relates to any backup or standby work, the documents attached to Dr. Lowry's Original Complaint (that he contends comprise the underlying "contract") ***do*** make clear that Nemours originally agreed to pay him a base salary of $270,000.00 and later $295,000.00. *See* Original Complaint at Exs. A-B. It is not inconsistent to argue, as Nemours does here, that the alleged contract documents provided Dr. Lowry would be paid a set salary but were otherwise silent as to any extra or additional compensation for "backup/standby" work.

The fact that Nemours agreed to pay Dr. Lowry a set salary is what bars Dr. Lowry's claims for unjust enrichment and quantum meruit. Courts have made clear "that a plaintiff may not allege that his former employer was 'unjustly' enriched at his expense when," as here, "the employer compensated the plaintiff by paying him a salary." *Levion v. Societe Generale*, 822 F. Supp. 2d 390, 405 (S.D.N.Y. 2011), *aff'd*, 503 F. App'x 62 (2d Cir. 2012); *see also Walker v. Gen. Motors Corp.*, 152 Ga.App. 526, 263 S.E.2d 266, 267 (1979) (holding employee had no basis for quantum meruit claim where he was paid salary). This is because, as an exempt salaried employee under the Fair Labor Standards Act, Dr. Lowry's salary was meant to compensate him for ***all*** hours worked in the scope of his

employment for Nemours. To hold otherwise would effectively allow any salaried employee unhappy with their pay or work hours to file an unjust enrichment or quantum meruit claim.

Despite Dr. Lowry's contentions, *Middleton v. Int'l Bus. Machines Corp.*, 787 F. App'x 619 (11th Cir. 2019), confirms this analysis. In *Middleton,* the court affirmed dismissal of Middleton's claim for unjust because, holding that such a claim exists only "when there has been a benefit conferred which would result in an unjust enrichment <u>unless compensated</u>" and finding that Middleton had in fact been compensated for work performed in the scope of his employment through a base salary and compensation plan. *See id.* at 624 (emphasis in original). Similarly, the court held that Middleton could not bring a claim for quantum meruit because IBM had paid him a salary and other commissions to compensate him for his work. *Id.* The fact that Middleton was paid via a salary like Dr. Lowry (and not whether there was a written contract covering his compensation) was therefore key to the court's decision-making.

## CONCLUSION

For the reasons above, as well as those articulated in Nemours' Motion to Dismiss, the First Amended Complaint should be dismissed in full and with prejudice as to Nemours.

Dated: September 1, 2026 Respectfully submitted,

**FOLEY & LARDNER LLP**

<u>*/s/ Mary Caroline Cravatta*</u>

Larry S. Perlman
Florida Bar No. 91934
lperlman@foley.com
dmilian@foley.com
90 Park Avenue
New York, NY 10016
Telephone: (305) 482-8400

Mary Caroline Cravatta
Florida Bar No. 125712
mcravata@foley.com
avargas@foley.com
301 E. Pine Street
Orlando, FL 32801
Telephone: (407) 423-7656

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on September 1, 2026, a copy of the foregoing was served on all counsel of record, as identified below:

Ciera L. Lipps
652 Nina Drive
St. Petersburg, FL 33715
(727) 500-1076
ciera@eazlaw.com

*/s/ Mary Caroline Cravatta*
**ATTORNEY FOR DEFENDANT**